# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEW MEXICO

In re:

RAYMOND ARCHULETTA,                                    Case No. 19-10038-ta7

    Debtor.

## <u>OPINION</u>

Before the Court is an objection to Debtor's claim of a homestead exemption for an undivided ¼ interest in a house. The basis for the objection is that the house is titled in the name of Debtor's deceased parents rather than Debtor. Under New Mexico's intestate succession laws, the house will pass in equal shares to Debtor and his three siblings, subject to the rights of estate creditors. To date, however, the deceased parents' estates have not been administered and record title remains in their names. Debtor responds that the objecting party, a neighborhood association, does not have standing to object to the exemption, and that in any event Debtor has a sufficient interest in the house to claim the exemption. The Court holds that the association has standing to object; that Debtor may claim the homestead exemption; that Debtor's interest in the house is subject to prior claims of the decedent estate's creditors; and that the association may pursue its claim for unpaid assessments against the decedent's estate without violating the discharge injunction.

I.    FACTS[1]

The Court FINDS:

The house at issue is in the North Hills subdivision of Rio Rancho, New Mexico. Currently the house is titled in the names of Pedro G. Miramontez and Judy A. Miramontez. Mr. Miramontez died in November 2002. Apparently there was no probate or other estate administration. Judy Miramontez died in October 2015.

The Miramontezes had four children: Debtor Raymond Archuleta,[2] Elaine Mullio, Chris Archuleta, and Victoria Miramontez. Debtor and Chris Archuleta live in the house. Debtor does not know Ms. Mullio's current address. Victoria Miramontez lives in Illinois.

On May 16, 2016, Debtor filed an Application for Informal Appointment of Personal Representative (No Will) in state court, commencing *In the Matter of the Estate of Judy Miramontez, Deceased*, No. D-1329-PB-201600049 (the "Estate Administration Proceeding"). The application states in part:

> I have looked carefully and thoroughly for a will of the decedent and did not find one. I believe that the decedent died without a will.[3]

---

[1] The Court took judicial notice of the docket in this case and in the state court collection action referred to below. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (a court may sua sponte take judicial notice of its docket); *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 8 (1st Cir. 1999) (same).

[2] Debtor spells his last name two ways. In state court filings Debtor spelled his last name with one t (Archuleta), while Debtor's petition, schedules, statement of financial affairs, and credit counseling certificate spelled his name with two t's (Archulletta). Debtor's response to North Hills' objection to exemptions used Archuleta; his witness list used Archulletta. The Court will require Debtor to (i) amend his petition to show the alternative spelling, and (ii) state his legal name as reflected on his social security card and birth certificate. If the name on the petition is not Debtor's legal name, the Court may require other action be taken to ensure that creditors got proper notice of the case.

[3] This clear statement is at odds with Debtor's description in Schedule A/B of his interest in the house: "Value of property is $130,000.00 in which the debtor has 1/4 interest with the rest of his siblings per his mother's will . . . ." The Court finds for the limited purpose of ruling on the homestead exemption objection that Ms. Miramontez died intestate.

On September 15, 2016, the state court granted the application and appointed Debtor the personal representative of the Miramontez estate. The house is the only probate estate asset.[4]

According to the state court docket, Debtor's actions in the Estate Administration Proceeding consisted of:

- Filing the application;
- Requesting a hearing on the application;
- Accepting the appointment;
- Giving heirs notice of his appointment; and
- Giving notice to known creditors of the proceeding.

The Estate Administration Proceeding was dismissed for lack of prosecution in August 2017.

North Hills Property Owners Association ("North Hills") asserts that there are unpaid property owners' association assessments of "well over" $10,000. The owner of the house is liable for the assessments. On May 31, 2018, North Hills sued Debtor in his capacity as the personal representative of the Miramontez estate to collect the unpaid assessments, commencing *North Hills Property Owners Association Inc. v. Pedro G. Miramontez and Raymond Archuleta*, no. D-1329-CV-201801359 (the "Collection Action").[5]

North Hills's apparent strategy is to obtain a money judgment, file a transcript of judgment in Sandoval County, New Mexico, obtain a judgment lien on the house, and foreclose the judgment lien.

Debtor filed this chapter 7 case on January 11, 2019. On the same day, Debtor filed a notice of automatic stay in the Collection Action.

---

[4] Debtor's Schedule A/B, paragraph 32.
[5] When it filed suit, North Hills did not know Pedro Miramontez had died.

Debtor filed his bankruptcy schedules on January 31, 2019. He scheduled his interest in the house as follows:

> Current value of the entire property? $119,600. Current value of the portion you own? $29,900. . . . Other information . . . Value of property is $130,000 in which the debtor has 1/4 interest with the rest of his siblings per his mother's will, which leaves his interest at $32,500.00 less the cost of sale of $2600.00 leaving a CMV of $29,900.00. The house has not been deeded from the estate to debtor and his siblings, but debtor is living in the house as his primary residence.

Later in schedule A/B Debtor stated:

> Interest in estate of Judy Miramontez, debtor's mother. Debtor is Personal Representative of the estate, and the only asset of the estate is debtor's primary residence listed in Schedule A.

On his schedule C, Debtor claimed his interest in the house exempt under N.M.S.A. § 42-10-9, New Mexico's homestead exemption.

On schedule E/F, Debtor listed North Hills as a general unsecured creditor with a $2,629 claim.

North Hills objected to Debtor's claimed homestead exemption on February 7, 2019, arguing that the mother's estate, rather than Debtor and his siblings, owned the house.

The trustee appointed in this case declared it a "no asset" case on February 12, 2019. On May 20, 2019, the Court entered an order discharging the Debtor.

## II.    DISCUSSION

### A.    North Hills has Standing to Object to the Homestead Exemption.

Debtor's argument that North Hills lacks standing to object to his homestead exemption must be overruled. Debtor listed North Hills as a creditor and gave North Hills notice of the bankruptcy case. If Debtor's homestead exemption is allowed, it will bind North Hills. The validity of Debtor's claimed homestead exemption is important because under 11 U.S.C. § 522(f), Debtor

could seek to avoid any judgment lien North Hills might obtain, to the extent it impaired Debtor's exemption.

Further, Debtor filed a notice of the automatic stay in the Collection Action, staying the proceeding for more than five months. Debtor thereby took the position that North Hills was asserting a claim against him or his property; otherwise the Collection Action would not have been stayed. Debtor cannot obtain the benefit of the automatic stay when it suits him but later assert that the party stayed has no interest in his bankruptcy case.

The Court concludes that North Hills is a creditor or other party in interest in this case and has standing to object to the claimed homestead exemption.

B.   Debtor May Claim the Homestead Exemption in a 1/4 Interest in the House, Subject to Creditor Claims.

N.M.S.A. § 42-10-9 provides:

> Each person shall have exempt a homestead in a dwelling house and land occupied by the person or in a dwelling house occupied by the person although the dwelling is on land owned by another, provided that the dwelling is *owned, leased or being purchased by the person claiming the exemption*. Such a person has a homestead of sixty thousand dollars ($60,000) exempt from attachment, execution or foreclosure by a judgment creditor and from any proceeding of receivers or trustees in insolvency proceedings and from executors or administrators in probate. If the homestead is owned jointly by two persons, each joint owner is entitled to an exemption of sixty thousand dollars ($60,000).

(emphasis added). To come within the exemption, the "dwelling house" must be "owned, leased or being purchased by the person claiming the exemption." *See In re Martinez*, 469 B.R. 74, 79–80 (Bankr. D.N.M.) (the "owned, leased or being purchased by" proviso applies to both alternatives set out in the initial part of the sentence).

Here, the issue is what interest Debtor has in the house. New Mexico's Uniform Probate Code, N.M.S.A. § 45-1-101 *et seq.* is helpful in answering the question. N.M.S.A. § 45-3-101 provides in part:

> B.     Upon the death of a person, the person's separate property and the person's share of community property devolves:
>
> > (1)     to the persons to whom the property is devised by the person's last will [or]…
> >
> > (3)     in the absence of testamentary disposition, to the person's heirs….
>
> C.     The devolution of separate property and the decedent's share of community property is subject…to rights of creditors and to administration….

N.M.S.A § 45-3-901 provides:

> In the absence of administration, the heirs and devisees are entitled to the estate in accordance with the terms of a probated will or the laws of intestate succession. Devisees may establish title by the probated will to devised property. Persons entitled to property by family allowance, personal property allowance or intestacy may establish title thereto by proof of the decedent's ownership, his death and their relationship to the decedent. Successors take subject to all charges incident to administration, including the claims of creditors and allowances of surviving spouse and dependent children, and subject to the rights of others resulting from abatement, retainer, advancement and ademption.

Under the Uniform Probate Code, the passing of title is instantaneous and automatic. "[T]itle to a decedent's property, both real and personal, passes immediately upon death to...the devisees under his [or her] will." *Wagner v. Jones et al. (In re Vaughan Co., Realtors)*, 2013 WL 3547457, at *7 (Bankr. D.N.M.) (citation omitted). Property does not pass to the administrator but directly to the recipients. *Id.* at *7 n.9. However, the executor or administrator maintains the responsibility to pay creditors and otherwise administer the estate. If property must be liquidated, the administrator has the power to take and sell property that would otherwise go to devisees and heirs. *Id.* at *7 n.10.

There is some case law relevant to the question of whether a debtor may claim a homestead exemption in real estate he will inherit but that has not been administered on the petition date. In *In re Dougan*, 350 B.R. 892 (Bankr. D. Idaho 2006), debtor's mother had bequeathed her a 1/3 interest in a house. Before the mother died, debtor had moved into the house with her mother's permission. Debtor remained in possession after her mother died. A probate action was commenced and one of debtor's sisters was appointed the estate's personal representative. When debtor filed her bankruptcy case some ten years later, however, the house was still titled in the name of the deceased mother. There was no explanation for the delay in devising the house per the mother's will, nor was there any apparent obstacle to doing so. Despite the unexplained lengthy delay, the bankruptcy court upheld debtor's claimed homestead exemption over the chapter 7 trustee's objection. *Id.* at 896.

The *Dougan* court followed *In re Fullerton*, 92 I.B.C.R. 22 (Bankr. D. Idaho 1992). The facts in *Fullerton* were similar—a debtor lived in a house owned by the estate of her deceased mother, with a 1/2 interest in the house devised to her by her mother's will. On the petition date the will was still in probate. The Idaho bankruptcy court upheld the homestead exemption claim on a 1/2 interest in the house.

Finally, in *In re Tinsley*, 2010 WL 4823208 (Bankr. N.D. Tex. 2010), the bankruptcy court allowed the debtor's homestead exemption where debtor was living in a house left to him in his father's will, even though the will was still in probate on the petition date. *Id*. at *3–*5. The court cited *Dougan* in support of its ruling. *Id.* at *5 n.13.

Given the Uniform Probate Code sections cited above and the well-reasoned precedents of *Dougan*, *Fullerton*, and *Tinsley*, the Court holds that Debtor has a sufficient ownership interest in the house to support his homestead exemption.

The Uniform Probate Code makes clear, however, that whether or not the Miramontez estate is administered,[6] Debtor takes his interest in the house subject to the claims of the Miramontez estate's creditors. Thus, if it turns out that North Hills has a valid claim against the Miramontez estate, it would be superior both to Debtor's ownership interest in the house and to Debtor's homestead exemption. In such an event, Debtor would not be able to avoid a North Hills judgment lien under § 522(f). Similarly, if North Hills obtained a judgment lien and then foreclosed it, the sales proceeds would go first to pay the judgment lien.

C.    North Hills May Proceed Against the Miramontez Estate and the House.

At the final hearing on the exemption objection, North Hills asked the Court to rule that it may pursue the Collection Action to judgment, obtain a judgment lien, and foreclose it, all without violating the automatic stay or the discharge injunction. This relief was not requested in the Exemption Objection which included the following prayer for relief:

> a.    Denying the exemption claimed by Archuletta in the Property;
> b.    Abstaining from any determination as to the disposition of the assets comprising, and the administration of the Estate of Judy A. Miramontez;
> c.    Declaring that the automatic stay does not apply to, or in the alternative modifying the automatic stay to permit the determination as to disposition of the assets comprising, and the administration of the Estate of Judy A. Miramontez to be adjudicated in the Estate Administration Proceeding;
> d.    Awarding North Hills its costs and attorney fees herein; and
> e.    Awarding North Hills such other and further relief as the Court deems proper under the circumstances.

The Court has authority to grant any relief that a party is entitled to, whether or not a party has correctly requested such relief in its pleadings. *See, e.g.,* 5 Wright & Miller, Federal Practice and Procedure: Civil 3d § 1255, n.6 and accompanying text (2019) ("the district court may grant any relief to which the evidence shows a party is entitled, even though that party has failed to

---

[6] If the Miramontez estate is administered and the estate has creditors, there may be no alternative to selling the house and using the proceeds to pay creditors. The only way to avoid that result would be for Debtor and his siblings to pay the creditor claims.

request the appropriate remedy or remedies in his pleading"); *Schoonover v. Schoonover*, 172 F.2d 526, 530 (10th Cir. 1949) ("the prayer forms no part of the cause of action . . . [and] a pleader will be entitled to the relief made out by the case and stated in the pleadings, irrespective of what is asked for in the prayer"); *Ortega v. New Mexico Legal Aid, Inc.*, 2019 WL 955357, at *7 (D.N.M.), adopted 2019 WL 1324463 (D.N.M.) (quoting and citing *Schoonover* with approval); *Bowman v. Merrimac Real Estate Holdings, LLC*, 2019 WL 6341647, at *4 (W.D. Okla.) (same).

Given the history of the Estate Administration Proceeding, the Collection Action, and this bankruptcy case, the Court concludes that it is appropriate to enter an order clarifying what North Hills may and may not do. First, as the automatic stay is no longer in effect, it does not prevent North Hills from pursuing the Collection Action and any post-judgment remedies. Second, the discharge injunction:

- Does not prevent North Hills from pursuing the Collection Action against Debtor, named solely in his capacity as the personal representative of the Miramontez estate, for any pre- or post-petition assessments owed by the estate;

- Does not prevent North Hills from recording a transcript of judgment in Sandoval County, New Mexico, thereby encumbering the house, for any judgment North Hills obtains against the Miramontez estate;

- Does not prevent North Hills from foreclosing any such judgment lien; and

- Does not prevent North Hills from pursuing a claim against Debtor personally for assessments accruing post-petition, to the extent applicable law renders him liable for some or all of such assessments.

### III.   CONCLUSION

Although North Hills has standing to object to Debtor's claimed homestead exemption, the exemption is valid because Debtor has a sufficient ownership interest in the house. The ownership interest is subject, however, to the valid claims of all Miramontez estate creditors. If North Hills obtains a judgment against the Miramontez estate for unpaid assessments, the debt and any related judgment lien on the house would be superior to Debtor's ownership interest and homestead exemption. North Hills may proceed with the Collection Action for all pre-petition assessments so long as Debtor is named solely in his capacity as the personal representative of the Miramontez estate. For assessments accruing post-petition, North Hills may name Debtor personally. The Court will enter a separate order consistent with the foregoing.

 

_____
Hon. David T. Thuma
United States Bankruptcy Court

Entered: January 28, 2020
Copies to: Counsel of record